# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

TYRONE NORWOOD,

    Plaintiff,

v.

STATE OF DELAWARE
DEPARTMENT OF CORRECTION
BUREAU OF CORRECTIONAL
HEALTHCARE SERVICES,

    Defendant.

: Civ. No. 18-2030-CFC

---

Tyrone Norwood, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 30, 2019
Wilmington, Delaware

CONNOLLY, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Tyrone Norwood ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983[1] against Defendant State of Delaware Department of Correction Bureau of Correctional Healthcare Services ("Defendant"). (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff alleges that in May 2013 he began submitting sick call requests after he noticed the "white area" (*i.e.*, sclera) of both of his eyes seemed to be turning yellow. (D.I. 3 at 5) He was examined by a nurse who told Plaintiff there was nothing to be alarmed about. (*Id.*) A month or two later, Plaintiff submitted a second sick call request because the "white area appeared to be progressing to a darker yellow." (*Id.*) Blood tests were performed and Plaintiff was referred to an outside medical provider. (*Id.* at 6) The blood tests were within normal limits. (*Id.*)

Plaintiff alleges his health was steadily deteriorating. (*Id.*) He met with a provider at the prison infirmary and was not satisfied with the assessment and began submitting medical grievances. (*Id.*) Another blood test was performed and this time, the results were not within normal limits. (*Id.*) Approximately a month or two later,

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

1

Plaintiff was taken to an outside medical provider. (*Id.*) Plaintiff believes that a CAT scan was performed. (*Id.*) The results were negative. (*Id.*)

Plaintiff alleges after that, the institutional medical staff "basically washed their hands of the situation" and Plaintiff's "health steadily deteriorated over the next year." (*Id.*) He began submitting medical grievances. (*Id.*) Plaintiff alleges that he was "given the run around by the medical grievance board and institutional medical staff" about being scheduled to see an outside specialist. (*Id.*) Plaintiff alleges his health steadily declined. (*Id.*)

Another year passed and Plaintiff began to exhibit signs of liver issues. (*Id.* at 6-7). Plaintiff began submitting medical grievances. (*Id.* at 7) He alleges that he was not properly diagnosed or given adequate medical care in light of his symptoms. (*Id.*) He was seen by a physician and told that severe swelling in his legs could be from salt intake, but he was not given medication. (*Id.*) When Plaintiff's stomach became swollen and there was severe inflammation, he was taken to the hospital, diagnosed with excessive stomach acid, treated, and given various medications. (*Id.*) The condition returned and he returned to the hospital, received the same treatment, and was diagnosed with liver issues. (*Id.*) Plaintiff alleges the diagnosis was made after approximately five years of sick calls and medical grievances. (*Id.*) A liver transplant was performed. (*Id.*) Plaintiff does not provide the date of the surgery.

"[P]laintiff believes that the deliberate indifference standard applies and also faults the inadequate medical care and the medical staffs' lack of a timely assessment and proper diagnosis which could have possible [sic] changed this outcome." (*Id.* at 7-8) He seeks compensatory and punitive damages.

2

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

3

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

4

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Eleventh Amendment.

The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because Defendant is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

5

Therefore, the Court will dismiss the claims against Defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) as it is immune from suit.

**B.     Eighth Amendment**

Dismissal is also appropriate because the claims do not rise to the level of a constitutional violation. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). "[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993). Although "[a]cts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" constitute cruel and unusual punishment under the Constitution, *Estelle v. Gamble*, 429 U.S. at 106, merely negligent treatment does not give rise to a constitutional violation, *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Indeed, "[a]llegations of medical malpractice are not sufficient to establish a Constitutional violation," nor is "[m]ere disagreement as to the proper medical treatment." *Spruill*, 372 F.3d at 235.

The allegations indicate that Plaintiff was treated through the years, he was sent to outside medical providers, medical testing was performed, and he was seen by medical personnel. Plaintiff was ultimately diagnosed with liver disease. Because the allegations indicate that Plaintiff received treatment (including a liver transplant), even if he disagreed with the treatment or diagnoses, the allegations amount to "mere disagreement as to the proper medical treatment," and they are insufficient to state a plausible constitutional violation. *Id.* (quotation marks omitted); *see also Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir. 1978) ("Where the plaintiff has received some

6

care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim.") (quotation marks omitted).

Even when reading the Complaint in the most favorable light to Plaintiff, he fails to state an actionable constitutional claim against Defendant for deliberate indifference to a serious medical need. At most, the allegations fall under the aegis of a medical malpractice/negligence claim, rather than deliberate indifference to a serious medical need. Accordingly, the Complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## V.  CONCLUSION

For the above reasons, the Court will dismiss the Complaint based upon Defendant's immunity from suit and as legally frivolous pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2). Amendment is futile.

An appropriate order will be entered.

7